**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**v.** **Case No. 6:25-cr-125-AGM-DCI**

**MOISES DAVID PARRA-PARRA**

______________________________________/

# DEFENDANT'S SENTENCING MEMORANDUM

The Defendant, Moises David Parra-Parra, by and through his undersigned counsel, hereby respectfully submits this Sentencing Memorandum in support of his request for a sentence at the low-end of the guidelines. At the time of his sentencing, Mr. Parra-Parra will have spent approximately seven months in custody for the instant offense. Mr. Parra-Parra's guideline range is 12 to 18 months.[1] This Court is tasked with imposing a sentence that is sufficient but not greater than necessary to comply with the statutory purposes of sentencing. A sentence at the low-end of the guideline range would promote respect for the law, afford adequate deterrence and protect the public. As grounds in support of his request for a low-end guideline sentence, Mr. Parra-Parra states the following:

[1] PSR ¶50.

## MR. PARRA-PARRA'S LIFE AND CHARACTER

Mr. Parra-Parra was born in Maracaibo, Venezuela.[2] Raised by both his parents and uncles, Mr. Parra-Parra learned the value of perseverance early in life.[3] His family worked tirelessly to provide food, clean clothing and home for him and his brothers.[4] As Mr. Parra-Parra entered adulthood, he embodied the strong work ethic his parents and uncles modeled.

In 2023, Mr. Parra-Parra married his wife, Crizabeth Chinquinquira Valero-Villamil.[5] Together, they share a daughter and Mr. Parra-Parra also cares for his stepdaughter as his own.[6] Following the path that his parents and uncles modeled for him, Mr. Parra-Parra worked diligently to provide for his two daughters and his wife.[7] Mr. Parra-Parra writes in his letter to the Court, "….[s]ince I was very young, I have worked in construction. It was always hard work, but I was never afraid of sacrifice. To me, arriving home tired after a long day of work meant that I was doing everything possible to provide for my family."[8]

[2] PSR ¶35.
[3] PSR ¶38.
[4] PSR ¶38.
[5] PSR ¶39.
[6] *Id.*
[7] *See* PSR ¶46.
[8] App. A.

Wanting to build a prosperous and stable future for his children, amid Venezuela's economic collapse, Mr. Parra-Parra migrated to the United States.[9] Mr. Parra-Parra was hopeful to find better economic opportunity in the United States. In her letter to the Court, Mr. Parra-Parra's wife writes, "[s]ince I have known Moisés, I have been able to see firsthand the effort he has made for our family. I know him as a hardworking, calm, humble man who is very dedicated to his children and to me. He has always looked for ways to work and get ahead so that our family would not lack what is necessary."[10] With the money he earned in the United States, Mr. Parra-Parra was able to send money to Venezuela to cover his uncle's medical expenses and grocery expenses, and also to invest in furnishings of a home for his family to return to once he concludes his sentence.[11]

Although Mr. Parra-Parra came to the United States for better economic opportunities, his recent experience has given him a new perspective. He has learned money cannot compensate for being away from your loved ones. "When my daughter suffered the burns on her little face, and I knew I could not be with her or support my wife. I felt very powerless."[12] Mr. Parra-Parra is eager to

[9] *See* App. A.
[10] App. B-1.
[11] PSR ¶38, ¶40.
[12] App. A.

return permanently to his home country to rebuild his life and reunite with his family. Despite Venezuela's severe economic decline in recent years, certain communities – particularly Maracaibo – maintain hope for future stability and prosperity.[13] The character letters submitted to the Court by those who know Mr. Parra-Parra the most, depict a man who is a sensitive, God fearing family man whose life is defined by hard work and a devotion to his family.

**REQUEST FOR A LOW-END GUIDELINE SENTENCE**

Section 3553 contains "an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary,' to accomplish the goals of sentencing."[14] In addition to the history and characteristics of Mr. Parra-Parra, this Court is required to consider the seriousness of the offense, the need to afford adequate deterrence, and the need to protect the public. Mr. Parra-Parra fully understands the serious nature of his actions, which unfortunately stemmed from a place of acute fear. Terrified of being separated from his family and harmed by Border Patrol agents, he acted impulsively. Ultimately, his behavior led to the very consequences he was trying to avoid: being removed from his family and harm to the Border Patrol Agents.

---

[13] Norberto Paredes, *BBC visits oil region at heart of Trump plan to 'Make Venezuela Great Again'*, BBC News Mundo,(Jan. 30, 2026), https://www.bbc.com/news/articles/ckgnp8n40reo.
[14] *Kimbrough v. United States*, 552 U.S. 85, 101 (2007).

## CONCLUSION

For the past seven months Mr. Parra-Parra has been in the custody of the United States Marshal's and housed between the Orange and Seminole County Jails. After the Court imposes a sentence in this case, Mr. Parra-Parra's journey will be far from over. He will be transported to one of the current ICE detention facilities where he will remain in custody until he is removed from the Country. Mr. Parra-Parra is grateful for the opportunity he has had living in the United States, and he is hopeful about returning to Venezuela and reuniting with the rest of his family. "…I understand that the people one loves the most are a gift that does not last forever," writes Mr. Parra-Parra.[15] "Every day I pray for my children, for my wife, and that God will allow me to be with them someday."[16]

Mr. Parra-Parra fully accepts responsibility for his conduct.[17] He pled guilty and waived his constitutional right to a jury trial. Looking toward his future, Mr. Parra-Parra's wife notes that faith remains his foundation, "God has always been an important part of his life, and in difficult moments he has sought to rely on his faith in order to keep moving forward."[18] This Court is asked to fashion a sentence that reflects the seriousness of the offense and considers Mr. Parra-Parra's personal

---

[15] App. A.
[16] *Id.*
[17] PSR ¶16.
[18] App. B-1.

history and characteristics. A sentence at the low-end of the guidelines in this case reflects the seriousness of the offense, considers Mr. Parra-Parra's personal history and characteristics and is sufficient, but not greater than necessary and complies with the provisions outlined in 18 U.S.C. §3553.

Respectfully submitted,
CHARLES L. PRITCHARD, ESQ.
FEDERAL DEFENDER, MDFL

*__/s/ Aziza Hawthorne__*
Aziza Hawthorne, Esq.
Assistant Federal Defender
Massachusetts Bar No. 709255
201 South Orange Avenue,
Suite 300
Orlando, FL 32801
Telephone: 407-648-6338
Fax: 407-648-6095
E-Mail: aziza_hawthorne@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that undersigned electronically filed the foregoing with the Clerk of Court (CM/ECF) by using the CM/ECF system which will send a notice of electronic filing to Jerry M. Harre, Assistant United States Attorney, this 10th day of November 2026.

*/s/ Aziza Hawthorne*

Attorney for Mr. Parra-Parra